UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KELLY O. SHIMADA, TRUSTEE OF THE KELLY O. SHIMADA IRREVOCABLE TRUST,

Plaintiff,

v.

711 NC PROPERTY TRUST, TRUSTEE FOR 711 BASS LV PROPERTY TRUST; NEWPORT COVE CONDOMINIUM UNIT OWNERS ASSOCIATION; DOES I through X and BLACK AND WHITE CORPORATIONS I through X,

Defendants.

Case No.: 2:18-cv-00527-APG-CWH

**PRELIMINARY INJUNCTION**

Plaintiff Kelly O. Shimada, Trustee of the Kelly O. Shimada Irrevocable Trust (Shimada) moved for an injunction barring defendant 711 NC Property Trust, Trustee for 711 Bass LV Property Trust (Bass) from evicting Shimada's tenant from the property located at 711 Bass Drive #A in Henderson. On April 3, 2018, I conducted a hearing and entered an order temporarily restraining Bass from evicting the tenant. ECF No. 13. Because Bass's counsel was out of the country and did not participate in the hearing, I scheduled another hearing to decide whether to convert that temporary restraining order into a longer-lasting preliminary injunction. I conducted that hearing on April 17, 2018 and orally entered an injunction. This order memorializes the injunction I announced in court. I hereby find as follows:

A preliminary injunction may be entered if the moving party establishes "serious questions going to the merits and a balance of hardships that tips sharply towards the [movant], so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quotations omitted).

Fidelity National Law Group
1701 Village Center Circle
Suite 110
(702) 667-3000

Shimada has demonstrated a likelihood of success on the merits of its complaint. It appears that Shimada properly obtained title to the subject property, and has been exercising dominion and control over it for several years. Shimada or its predecessors and current tenant have been paying the taxes and fees related to the subject property. Bass contends it obtained title to the property through a quitclaim deed from defendant Newport Cove Condominium Unit Owners Association (HOA). But Bass's claim to title appears to be defeated by the doctrine of adverse possession because Shimada and its predecessors have recorded deeds, possessed the property, and paid taxes and HOA assessments on the property for at least five years. Nev. Rev. Stat. § 11.150. In addition, for over seven years, the HOA was aware of the transfers of title among the various owners in Shimada's chain of title, yet the HOA never objected to those transfers despite allegedly owning title to the subject property. To the contrary, the HOA helped facilitate those transfers by providing information to the escrow officers. The HOA also accepted payments of dues for the property for over seven years without objecting to ownership. The HOA's silence in the face of a competing claim to title likely equitably estops the HOA (and thus Bass) from claiming title. Finally, Bass's claim to title through the HOA appears barred by the relevant statute of limitation. Nev. Rev. Stat. § 11.070.

The balance of hardships tips sharply towards Shimada. The harm to Shimada is significant because it will be dispossessed of its property and it may have difficulty securing a new tenant in the future with this cloud on possession and title. There is no hardship to Bass if I stay the eviction because the property will not disappear and Bass and its predecessor have allowed the tenant to remain on the property for a long period of time. And, because Bass was willing to forego eviction temporarily in exchange for a deposit of money by Shimada or its tenant, no irreparable harm will occur to Bass by an injunction.

The harm to Shimada is likely irreparable because it will be dispossessed of its property, and it appears Bass (an apparent single-asset entity formed solely to accept the HOA's quitclaim and seek possession of the property) has no assets to satisfy any judgment entered against it. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011) (A "district court should

assess whether a damage remedy is a meaningful one in light of the financial condition of the infringer before the alternative of money damages can be deemed adequate.").

The public interest supports entry of an injunction to preserve the possessory rights of a tenant who appears to have a lawfully tenancy.

Based on these findings, Shimada is entitled to an order enjoining Bass from evicting the tenant or Shimada from the property.

IT IS HEREBY ORDERED that defendant 711 NC Property Trust, Trustee for 711 Bass LV Property Trust, or anyone acting on its behalf, is enjoined from engaging in any further eviction actions or other proceedings with respect to the property located at 711 Bass Drive #A, Henderson NV 89014, APN 178-06-511-026, including filing any eviction lawsuits, contacting the tenant, or interfering in any way with the tenant's or Shimada's peaceful enjoyment and possession of the property.

IT IS FURTHER ORDERED that this order shall remain in effect until further order of this court.

IT IS FURTHER ORDERED that Shimada shall post an additional $2,000 (for a total of $2,500) as security for this order, as required under Federal Rule of Civil Procedure 65(c).

DATED this 18th day of April, 2018, *nunc pro tunc* to April 17, 2018.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE

Fidelity National Law Group
1701 Village Center Circle
Suite 110
(702) 667-3000